**Clifford J. JOHNSON, Plaintiff–Appellant,**

v.

**Secretary of Defense Caspar WEIN-BERGER, Defendant–Appellee.**

**No. 87–2566.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1988.

Decided June 27, 1988.

---

Thomas A. Robertson and William A. Brockett, Keker & Brockett, San Francisco, Cal., for plaintiff-appellant.

Richard A. Olderman and Robert Greenspan, Civil Div., Washington, D.C., for defendant-appellee.

Before PREGERSON, BOOCHEVER and BEEZER, Circuit Judges.

BEEZER, Circuit Judge:

Appellant, a resident of California, alleges that the implementation of United States strategic defense policy, specifically Launch on Warning ("LOW"),[1] is unconstitutional. Appellant asserts that LOW relies on "error-prone[d]" computers for its implementation, thus increasing the likelihood that nuclear missiles will be launched prior to a positive, human identification of a nuclear attack on the United States. He asserts that LOW deprives him of due process and that LOW deprives the President and Congress of their constitutional prerogatives regarding commencement and conduct of war.

I

Appellant alleges that implementation of LOW threatens his life and property without just compensation, thus violating his Fifth Amendment right to due process. He asserts that LOW "usurps Congress' power to declare war,"[2] and the power of the President to order the use of nuclear weapons.[3]

The district court had jurisdiction under 28 U.S.C. § 1331 (1982). On April 29, 1987, the district court dismissed the action as a

---

1. Appellant defines LOW as

   a set of procedures whereby the retaliatory launch of nonrecoverable nuclear missiles may be committed in response to a valid tactical (in-flight) warning of attacking Soviet missiles and prior to the unequivocal confirmation of a detonation of an attacking Soviet missile to the direct injury of the United States or its allies.

   Complaint at 2.

2. United States Constitution, art. I, § 8 states: "The Congress shall have the Power to ... de-

clare War ... [and] To raise and support Armies ... [and] To ... repel Invasions."

3. Additionally, appellant claims in a footnote, without elaboration, that LOW violates the National Environmental Policy Act, 42 U.S.C. § 4332 (1982), and that LOW contravenes the United Nations Charter by "jeopardiz[ing] world peace." Because these issues are not specifically and distinctly argued in his brief, we do not address them on appeal. *Miller v. Fairchild Indus.*, 797 F.2d 727, 738 (9th Cir.1986).

nonjusticiable political question. A motion to alter or amend judgment was denied on June 17, 1986. Appeal is timely taken and we have jurisdiction under 28 U.S.C. § 1291 (1982).

## II

Appellant argues, citing *Duke Power Co. v. Carolina Environmental Study Group, Inc.*, 438 U.S. 59, 74, 98 S.Ct. 2620, 2630, 57 L.Ed.2d 595 (1978) and *Forelaws On Board v. Johnson*, 743 F.2d 677, 680 (9th Cir. 1984), *cert. denied*, 478 U.S. 1004, 106 S.Ct. 3293, 92 L.Ed.2d 709 (1986), that the "threat" of "injury" from nuclear retaliation, allegedly heightened by LOW, is sufficiently adverse to establish standing.

The standing requirement derives from Article III, Section 2 of the United States Constitution. That provision restricts adjudication in federal courts to "Cases" and to "Controversies." *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982).

A "Case" or "Controversy" will be found when one party demonstrates that it has suffered injury-in-fact which "fairly can be traced" to acts or omissions of the second party, *Simon v. Eastern Kentucky Welfare Rights Organ.*, 426 U.S. 26, 41, 96 S.Ct. 1917, 1926, 48 L.Ed.2d 450 (1976), and when there is "a 'substantial likelihood' that the relief requested will redress the injury claimed." *Duke Power*, 438 U.S. at 75 n. 20, 98 S.Ct. at 2631 n. 20. When "[s]peculative inferences" are necessary, however, to establish either injury or the connection between the alleged injury and the act challenged, standing will not be found. *Simon*, 426 U.S. at 45, 96 S.Ct. at 1927.

Appellant has not put before us a "Case" or "Controversy." Inferences concerning the uncertain and indefinite effects of the nation's strategic defense policy are, at best, speculative. Such allegations fail to establish standing. *See Simon*, 426 U.S. at 42–43, 96 S.Ct. at 1926; *Allen v. Wright*, 468 U.S. 737, 758–59, 104 S.Ct. 3315, 3328–29, 82 L.Ed.2d 556 (1984).

Appellant's alleged "computer expertise" does not establish a unique entitlement to standing. His professional insight into the operation of LOW is irrelevant. He must instead demonstrate a personal stake in the outcome of the controversy. *No GWEN Alliance of Lane County, Inc. v. Aldridge*, 841 F.2d 946, 949 (9th Cir.1988); *see also American Jewish Congress v. Vance*, 575 F.2d 939, 943 (D.C.Cir.1978) ("sheer motivation and commitment to the subject matter of a suit, no matter how strong, cannot substitute for judicially cognizable injury"). "[A] mere 'interest in a problem,' no matter how longstanding the interest and how qualified the [plaintiff] is in evaluating the problem, is not sufficient by itself" to confer standing. *Sierra Club v. Morton*, 405 U.S. 727, 739, 92 S.Ct. 1361, 1368, 31 L.Ed. 2d 636 (1972); *see American Jewish Congress v. Vance*, 575 F.2d 939, 943 (D.C.Cir. 1978); *Animal Lovers Volunteer Ass'n, Inc. v. Weinberger*, 765 F.2d 937, 939 (9th Cir.1985).

In *Duke Power*, the Court found " 'injury in fact' " in "several of the 'immediate' [aesthetic and environmental] adverse effects [which] were found to harm appellees," 438 U.S. at 73–74, 98 S.Ct. at 2630, not in uncertain, hypothetical and unsubstantiated harm.

In *Forelaws*, we identified an immediate risk to "one who lives in or uses ... [a readily identifiable and confined] area," citing *United States v. SCRAP*, 412 U.S. 669, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973). We explained that standing to sue the utility rested, in part, upon the fact that plaintiff was "a resident of that [specific] region and a consumer of electric power [produced by the utility] there." 743 F.2d at 680. Similar indicia are not present here.

In short, appellant has alleged only hypothetical injury and a generalized grievance. The hypothetical injury is not "distinct and palpable," *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975), but "pervasively shared." *Valley Forge*, 454 U.S. at 475, 102 S.Ct. at 760, citing *Warth v. Seldin*, 422 U.S. 490, 499–500, 95 S.Ct. 2197, 2205–06, 45 L.Ed.2d 343

(1975). Such challenges are "most appropriately addressed [to] ... the representative branches [of federal government]." *Id.; see also Allen,* 468 U.S. at 751, 104 S.Ct. at 3324.

Accordingly, we conclude that appellant lacks standing. Since we conclude that appellant lacks standing, we need not address the question whether appellant's challenge to LOW and to the implementation of United States strategic defense policy presents a nonjusticiable political question.

AFFIRMED.