952 F.2d 1399
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Dante CARNESSALE, Plaintiff-Appellant,
v.
United States Senators, Alan CRANSTON and Pete Wilson, in
their Private Capacity, Defendants-Appellees.
 No. 91-55222.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 14, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Dante Carnessale appeals pro se the district court's order dismissing with prejudice his action challenging the conduct of the Senate during the 1986 impeachment trial of former United States District Judge Harry E. Claiborne. Carnessale argues that Senator Alan Cranston and former Senator Pete Wilson breached their duty to vote whether to disqualify Claiborne from holding future federal office. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]
 
 
 3
 " 'The concepts of standing and political question are separate aspects of justiciability, and either the absence of standing or the presence of a political question precludes a federal court, under article III of the Constitution, from hearing or deciding the case presented.' " No GWEN Alliance of Lane County, Inc. v. Aldridge, 855 F.2d 1380, 1382 (9th Cir.1988) (quoting American Jewish Congress v. Vance, 575 F.2d 939, 943 (D.C.Cir.1978)). A party establishes standing to bring an action if "it has suffered injury-in-fact which 'fairly can be traced' to acts or omissions of the second party, ... and when there is 'a "substantial likelihood" that the relief requested will redress the injury claimed.' " Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir.1988) (citation omitted).
 
 
 4
 Here, the United States Senate impeached Claiborne from his position as district court judge on October 9, 1986. No Senator moved to impose the further sanction of disqualifying Claiborne from holding federal office.
 
 
 5
 Carnessale argues that the Senate failed to perform its duty under the Constitution to disqualify Claiborne from holding federal office. Nevertheless, Carnessale fails to allege a personal injury fairly traceable to the Senate's alleged wrongful conduct. See Johnson, 851 F.2d at 235. The fact that Claiborne is not disqualified from federal office is insufficient to establish personal injury to Carnessale. See id. (hypothetical injury shared pervasively does not confer standing). Therefore, Carnessale lacked standing, and the district court properly dismissed the action with prejudice. See Johnson, 851 F.2d at 236.[2]
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Carnessale's motion to stay this proceeding to allow him to contact the "Federal Prosecutor" and Claiborne is denied
 
 
 [2]
 Because we conclude that Carnessale lacks standing, we need not address the district court's alternative grounds for dismissal based on absolute legislative immunity and nonjusticiability