967 F.2d 587
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clifford J. JOHNSON, Plaintiff-Appellant,
v.
John T. CHAIN, General, Commander in Chief; Lt. Gen.
Richard A. Burpee, Commander; 1st Lt. Dale Curington;
Capt. Derek Avane; 2nd Lt. Steven Bacs; 2nd Lt. Richard
Schoonmaker, 2nd Lt. Richard Murphy; Commander Philip
Moore; 2nd Lt. Steven Moore; Col. Edward Burchfield, and
all the Strategic Air Command's Chain of Command for
Minuteman/MX Launch, Defendants-Appellees.
 No. 90-15276.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 10, 1991.*
Decided July 8, 1992.
 
 1
 Before HUG and POOLE, Circuit Judges, and ATKINS** District Judge.
 
 
 2
 MEMORANDUM***
 
 I.
 
 3
 Clifford Johnson appeals the district court's order dismissing his action to establish standing to challenge as unconstitutional the United States Strategic Defense Policy. Johnson requested the district court to find that his "proposed complaint" sufficiently alleged standing and then affirm its prior dismissal on the basis of a political question. Finding that the doctrines of res judicata and collateral estoppel bar this litigation, we affirm.
 
 II.
 
 4
 Appellees accurately describe the course of proceedings in their brief at pages 2 through 4. On May 1, 1989, plaintiff, Clifford Johnson (hereafter "Johnson") filed a complaint. CR 1. On June 23, 1989, defendant Gen. John T. Chain (hereafter "Chain") filed a motion to dismiss. CR 8. Thereafter, Chain filed an Amended Notice and Motion to Dismiss. CR 14.
 
 
 5
 On July 3, 1989, Johnson filed his First Amended Complaint. CR 16. On July 21, 1989, Chain filed an Amended Notice and Motion to Dismiss. CR 25. On August 30, 1989, Johnson filed his opposition to Chain's Amended Motion to Dismiss. CR 35. On September 11, 1989, Johnson filed a supplemental opposition to Chains's Amended Motion to Dismiss. CR 39. On September 20, 1989, the district court granted Chain's Amended Motion to Dismiss. CR 42.
 
 
 6
 On October 2, 1989, Johnson moved to set aside and/or amend judgment. CR 43. On November 20, 1989, Chain filed his non-opposition to amending the judgment and his opposition to setting aside the judgment. CR 54. On November 28, 1989, Johnson filed a Motion for Default Judgment. CR 55. On December 8, 1989, the district court granted Johnson's motion to amend but denied his motion to set aside judgment. CR 61.
 
 
 7
 On January 3, 1990, Johnson filed a Supplemental Memorandum with respect to his motion for default judgment. CR 63. On January 9, 1990, the district court denied Johnson's Motion for Default Judgments. CR 68. On February 5, 1990, Johnson filed his Notice of Appeal. CR 70.
 
 III.
 
 8
 Res judicata, like the related doctrine of collateral estoppel, "has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." Parklane Hosiery v. Shore, 439 U.S. 322, 326 (1979) (citation omitted). In Parklane Hosiery, the United States Supreme Court explained that:
 
 
 9
 Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action. Under the doctrine of collateral estoppel, on the other hand, the second action is upon a different cause of action and the judgment in the prior suit precludes relitigation of issues actually litigated and necessary to the outcome of the first action.
 
 
 10
 Id. at 326 n. 5 (citations omitted).
 
 
 11
 The application of res judicata and collateral estoppel both apply to this appeal. Res judicata also known as claim preclusion has been defined in this circuit as follows:
 
 
 12
 The doctrine of res judicata operates to bar all grounds of recovery which could have been asserted, whether they were or not, in a prior suit between the same parties (or their privies) on the same cause of action, if the prior suit concluded in a judgment on the merits rendered by a court of competent jurisdiction.
 
 
 13
 Ross v. International Brotherhood of Electrical Workers, 634 F.2d 453, 457 (9th Cir.1980) (citation omitted) (footnote omitted). Collateral estoppel or issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." Ross, 634 at 457 n. 6 (9th Cir.1980).
 
 
 14
 Appellant Johnson has been previously found by this court to lack standing to challenge as unconstitutional the implementation of the United States Strategic Defense Policy, specifically, launch on warning. Johnson v. Weinberger, 851 F.2d 233 (9th Cir.1988). The court in Johnson held that "[a]ppellant has not put before us a 'Case' or 'Controversy'. Inferences concerning the uncertain and indefinite effects of the nation's strategic defense policy are, at best, speculative. Such allegations fail to establish standing." Id. at 235 (citations omitted). Johnson did not petition this court for rehearing in Johnson v. Weinberger, nor petition for review by the Supreme Court.
 
 
 15
 In Johnson v. Weinberger, appellant named the Secretary of State as defendant. Appellant now names as defendants the Commander-in-Chief of the Strategic Air Command and those in his chain of command. The law in this circuit is clear that courts are not barred by rigid definitions of the parties for purposes of applying collateral estoppel and res judicata. Jackson v. Hayakawa, 605 F.2d 1121, 1126 (9th Cir.1979) (citations omitted). Johnson has attempted to relitigate the same case by naming different defendants and shall be barred from such efforts where he has had a full and fair opportunity to litigate the issues of standing and political question in a prior action. Under these circumstances, the principles of res judicata and collateral estoppel apply barring this appeal.
 
 V.
 
 16
 Appellant received a full and fair opportunity to litigate the claims in Johnson v. Weinberger, 851 F.2d 233 (9th Cir.1988), therefore the doctrines of res judicata and collateral estoppel apply barring appellant from relitigating the issues of standing and political question. Accordingly, the decisions of the district court are affirmed.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable C. Clyde Atkins, Senior United States District Judge for the Southern District of Florida, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3