976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John S. SALTER, Plaintiff-Appellant,
v.
UNITED STATES of America; Nicholas Brady, Secretary of the
Treasury, Defendants-Appellees.
 No. 91-36344.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John S. Salter appeals pro se the district court's dismissal of his action for lack of subject matter jurisdiction. Salter also appeals the denial of his motion to alter or amend the judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Jensen v. Commissioner, 835 F.2d 196, 198 (9th Cir.1987), and affirm.
 
 
 3
 This action involves the Royal Hawaiian Heritage Company ("Royal"), which filed for bankruptcy in 1987. Salter alleges conspiracy, embezzlement, discrimination, and fraud on the part of Royal's bankruptcy trustee and the IRS. Salter claims an interest in Royal.[1] Salter brought this action in district court to compel the IRS to audit and to investigate the tax returns of Royal, Tokyo Rail and Development, Inc., and Cache, Inc. to uncover the alleged embezzlement and cover-up.
 
 
 4
 The government contends that Salter lacks standing to bring this action. A party has standing to bring an action only if it has suffered injury-in-fact fairly traceable to acts or omissions of the defendant and when there is a substantial likelihood that the relief requested will redress the injury claimed. Johnson v. Weinberger, 851 F.2d 233, 235 (9th Cir.1988).
 
 
 5
 "[A]n asserted right to have the Government act in accordance with law is not sufficient, standing alone, to confer jurisdiction on a federal court." Allen v. Wright, 468 U.S. 737, 754 (1984). Federal courts are not forums for hearing generalized grievances by taxpayers and citizens. Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir.1991). Plaintiffs generally must assert their own legal rights and interests, and cannot rest their claim to relief on the legal rights or interests of third parties. Id.
 
 
 6
 Here, Salter seeks to have the government enforce its laws against third parties. Salter lacks standing to bring this claim. See Allen, 468 U.S. at 754; Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Salter's claim that the United States has been defrauded of tax revenue is not sufficient to give him taxpayer standing to bring this action. See United States v. Richardson, 418 U.S. 166, 175 (1974) (taxpayer standing is limited to suits claiming violation of a specific constitutional limitation upon the taxing and spending power; taxpayer does not have standing to challenge general operation of agency).
 
 
 7
 Salter contends that he has standing because as a shareholder of Cache he faces potential personal liability as a result of the alleged tax fraud. Even if this is true, it is not sufficient to confer standing on Salter. Any personal liability Salter might face cannot be said to be fairly traceable to the acts or omissions of the IRS. See Johnson, 851 F.2d at 235. Moreover, Salter can file his claims regarding fraud and embezzlement on the part of Royal and the bankruptcy trustee in bankruptcy court. See 11 U.S.C. §§ 501, 502. Thus, because Salter lacks standing to bring this action, we affirm the district court's dismissal for lack of jurisdiction.[2]
 
 AFFIRMED.[3]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Salter claims to be an officer and shareholder of Cache, Inc., a Hawaiian corporation doing business in Montana. Salter alleges that Cache owns 9.5% of the common stock of Tokyo Rail and Development, Inc. ("Rail"), which, he alleges, is in turn the sole shareholder of Royal
 
 
 [2]
 Because we conclude that Salter lacks standing to bring this action, we do not address the district court's holding that Salter's action is barred by the Anti-Injunction Act, 26 U.S.C. § 7421(a), and the Declaratory Judgment Act, 28 U.S.C. § 2201. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990) (court of appeals may affirm on any ground supported by the record)
 
 
 [3]
 We also affirm the district court's denial of Salter's motion to alter or amend the judgment