978 F.2d 1265
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Yousif KHULAQI, Plaintiff-Appellant,
v.
CAMBRIDGE TANKERS, INC., Defendant-Appellee.
 No. 91-16185.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 2, 1992.*
Decided Nov. 5, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This is an appeal of a jury verdict for the defendant in a personal injury case. Appellant argues that there is no basis for the jury's decision under maritime law. Appellant did not move for a directed verdict or a judgment n.o.v., but brought a motion for new trial to the district court on the ground that the verdict was against the weight of the evidence. The district court concluded that there was ample evidence to support the jury's conclusion, and appellant brought this appeal. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Yousif Khulaqi is a merchant seaman who was injured on board the SS OVERSEAS BOSTON when he slipped on the deck. After a four hour shift of cleaning crude oil from the cargo tanks, Khulaqi attempted to clean the oil off of his boots with degreaser before walking across the deck. There was a stream of water on the deck, and Khulaqi slipped and fell.
 
 
 4
 Khulaqi filed his suit in federal district court. He sued his employer, Cambridge Tankers, Inc., for negligence under the Jones Act and sued the tanker, the SS OVERSEAS BOSTON, for unseaworthiness under General Maritime Law. After a jury trial before Judge Orrick, the jury rendered a verdict of no liability for the defendants. Although Khulaqi made no motion for a directed verdict or a judgment n.o.v., he filed a motion for a new trial May 28, 1991 and argued that the verdict was against the weight of the evidence. The motion for new trial was denied July 10, 1991. This appeal was timely filed on July 26, 1991, and Khulaqi contends that the jury "impermissibly applied the assumption of risk doctrine" under maritime law. Appellee Cambridge Tankers argues that appellant's issue is not reviewable and that appellant should be sanctioned under Federal Rule of Appellate Procedure 38 for frivolous appeal.
 
 II.
 JURISDICTION
 
 5
 This court has jurisdiction under 28 U.S.C. § 1291.
 
 III.
 DISCUSSION
 A. Issues On Appeal
 
 6
 There are two issues on appeal, namely, whether there was evidence to support the jury's verdict of no liability, and whether sanctions are warranted under Federal Rule of Appellate Procedure 38 for frivolous appeals.
 
 B. Review of Jury Verdict
 
 7
 Where an appellant fails to make a motion for a directed verdict or a judgment n.o.v., the standard of review of a jury verdict is "extraordinary deferential." Benigni v. City of Hemet, 879 F.2d 473, 476 (9th Cir.1988). The sufficiency of the evidence is not reviewable, rather the court's "inquiry is limited to whether there is any evidence to support the jury's verdict, irrespective of its sufficiency, or whether plain error was committed which, if not noticed, would result in a 'manifest miscarriage of justice'." Eberle v. City of Anaheim, 901 F.2d 814, 818 (9th Cir.1990) (quoting Benigni, 879 F.2d at 476).
 
 
 8
 The district court denied plaintiff's motion for a new trial and expressed the view that the case was well-tried. Appellant argues that the jury necessarily and improperly applied the assumption of risk doctrine, but appellant provides no support for his purely speculative argument.
 
 
 9
 In the present case, the jury looked at evidence presented by both sides including evidence presented by the plaintiff that the "weather and sea conditions made the deck very dangerous to walk upon." Evidence showed that the fall may have been caused when some of the residual degreaser on plaintiff's boots mixed with some of the water on deck. Evidence also showed that plaintiff could have walked on the other side of the deck in order to avoid walking in the water. In sum, there was evidence to support the jury's verdict. The evidence meets the requirements for the "any evidence" standard.
 
 C. Frivolous Appeal
 
 10
 Appellee Cambridge Tankers requests attorneys' fees and costs for having to defend a frivolous appeal under Federal Rule of Appellate Procedure 38. Rule 38 provides that a court may award "just damages and single or double costs to the appellee" if the court finds an appeal is frivolous. An appeal is frivolous "when the result is obvious or the appellants' arguments are wholly without merit." Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). Furthermore, "[c]ounsel must realize that the decision to appeal should be a considered one, taking into account what the district judge has said, not a knee-jerk-reaction to every unfavorable ruling." Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984) (footnote omitted).
 
 
 11
 Khulaqi brought this appeal, but in the appellate brief he misstated the standard of review as "clearly erroneous." In the appellant's reply brief, appellant concedes that the correct standard is the "any evidence" standard. However, in Khulaqi's own trial brief there was evidentiary support for the proposition that the defendant was not responsible for Khulaqi's fall. In light of the evidence presented and the denial of the motion for a new trial, the result of this appeal was obvious. See Taylor, 729 F.2d at 656.
 
 
 12
 We hold, however, that this appeal was not frivolous and did not needlessly burden appellees. The absence of a persuasive argument alone does not justify sanctions against appellant's counsel.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3