988 F.2d 117
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
David CONRAD, Defendant-Appellee.
Harvey L. BEAGLE, II, Plaintiff-Appellant,
v.
David CONRAD, Defendant-Appellee.
 Nos. 91-35997, 92-35570.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1993.*
Decided March 5, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-90-1168-TSZ, Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In appeal no. 91-35997, Harvey L. Beagle, II, a Washington state prisoner, appeals pro se the district court's summary judgment in favor of the defendant in his 42 U.S.C. § 1983 civil rights action. In consolidated appeal no. 92-35570, Beagle appeals pro se the district court's revocation of his in forma pauperis status for purposes of appeal no. 91-35997. In both appeals, we have jurisdiction under 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * No. 91-35997
 
 
 4
 Beagle contends that the district court erred by granting summary judgment on his claim that defendant David Conrad, a Washington state probation officer, violated the eighth amendment by retaining him on probation from a California conviction after the probation had expired. This contention lacks merit.
 
 
 5
 We review de novo the district court's grant of summary judgment. Alaska Airlines, Inc. v. United Airlines, Inc., 948 F.2d 536, 539 (9th Cir.1991), cert. denied, 112 S.Ct. 1603 (1992). "We must decide, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant law." Id.
 
 
 6
 Both Conrad and Beagle filed California state records showing that Conrad's probation was for 48 months rather than the 16 months claimed by Beagle. Conrad filed a San Diego County Superior Court order imposing 48 months probation and an affidavit stating that he had relied on the order. The fact of Conrad's reliance on the order is undisputed. Accordingly, the district court did not err by granting summary judgment in favor of Conrad.
 
 
 7
 Conrad requests attorney fees and double costs pursuant to Fed.R.App.P. 38. We may sanction the appellant if an appeal is frivolous. Id. An appeal is frivolous "when the result ... is obvious and the arguments of error are wholly without merit." Mir v. Little Co. of Mary Hosp., 844 F.2d 646, 653 (9th Cir.1988) (quotation omitted). We have imposed Fed.R.App.P. 38 sanctions on pro se appellants. See Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). Nonetheless, Beagle's filings do not convince us that the result of this appeal was obvious to him. Accordingly, we decline to sanction him.
 
 II
 No. 92-35570
 
 8
 Beagle contends that the district court erred by revoking his in forma pauperis status for purposes of appeal no. 91-35997. This contention lacks merit.
 
 
 9
 The district court entered an order certifying that the appeal was not taken in good faith and revoking in forma pauperis status on October 22, 1991. On May 26, 1992, Beagle moved for reconsideration under Fed.R.Civ.P. 60(b)(2) based on new evidence. The district court denied the reconsideration motion on June 9, 1992, and Beagle filed a notice of appeal on June 16, 1992. The reconsideration motion did not toll the time for appeal. See Fed.R.App.P. 4(a)(4). Accordingly, we have jurisdiction only to review the June 9 order. See Fed.R.App.P. 4(a)(1) (notice of appeal must be filed within 30 days after date of entry of order appealed from).
 
 
 10
 We review the denial of a Rule 60(b) motion for an abuse of discretion. Thompson v. Housing Auth. of City of Los Angeles, 782 F.2d 829, 832 (9th Cir.) (per curiam), cert. denied, 479 U.S. 829 (1986). "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a).
 
 
 11
 In support of his Rule 60(b) motion, Beagle filed additional California state records to prove that his probation term was only 16 months. He did not, however, present evidence to prove that Conrad relied on those records, nor did he explain why he did not file the records earlier. Accordingly, the district court did not abuse its discretion by denying Beagle's Rule 60(b) motion. See 28 U.S.C. § 1915(a); Thompson, 782 F.2d at 832.
 
 
 12
 We AFFIRM the district court's orders in both appeal no. 91-35997 and appeal no. 92-35304.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3