993 F.2d 881
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harry AVINGTON, Plaintiff-Appellant,
v.
A.J.S. ASSOCIATES, dba, Foothill Villa Apartments; Ronald
Levine Construction Corp; Patricia Tyler,
Defendants-Appellees.
 No. 91-56481.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 5, 1993.*
Decided May 6, 1993.
 
 Before WALLACE, Chief Judge and O'SCANNLAIN and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In March 1989, Darlene Anderson entered into a lease to rent an apartment in Foothill Villa Apartments, a federally subsidized housing project in San Bernardino, California. Harry Avington moved in with Anderson the next month. On March 29, 1990, after a dispute with management over Avington's presence and a dispute over the towing of his car, Avington and Anderson signed an amended rental agreement adding Avington to the lease. In May 1990, the manager of Foothill Villa, Patricia Tyler, served Avington and Anderson with notice of a rental increase. The increase was based upon the combined incomes of Avington and Anderson. Avington and Anderson refused to pay the adjusted rent, claiming that Anderson was Avington's live-in attendant and therefore her income should not be considered in calculating the appropriate rent. On behalf of the owner and management, Tyler then filed an unlawful detainer action against Avington and Anderson in San Bernardino Municipal Court. Avington and Anderson prevailed in that action.
 
 
 3
 Subsequently, proceeding pro se, Avington,[1] who is black, filed a civil rights action in federal district court against the owner and management of the apartment complex, A.J.S. Associates, dba Foothill Villa Apartments, Ronald Levine Construction Corporation, and Tyler ("defendants"). Avington seeks declaratory and injunctive relief and damages, alleging that he was discriminated against in violation of the Fair Housing Act, 42 U.S.C. § 3604(a) & (b), 42 U.S.C. § 3617, as well as 42 U.S.C. § 1982, and 42 U.S.C. § 1983, and that he was denied his due process right to notice and an evidentiary hearing prior to the rent increase and attempted eviction in violation of 12 U.S.C. § 17151(d)(3), 42 U.S.C. § 1983, and the Fifth Amendment. Avington seeks $2,000,000 in compensatory damages as well as punitive damages. After a hearing, the district court granted the defendants' motion for summary judgment. Avington appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
 
 
 4
 * We review de novo the district court's grant of summary judgment. Americana Trading, Inc. v. Russ Berrie & Co., 966 F.2d 1284, 1287 (9th Cir.1992). We must determine, "viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court applied the correct substantive law." Id.
 
 II
 
 5
 As an initial matter, Avington alleges violations of his rights cognizable under 42 U.S.C. § 1983. However, in order to state a claim under section 1983, Avington must show that the defendants acted under the color of state law. Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir.1983). "Action taken by private individuals may be 'under color of state law' where there is 'significant' state involvement in the action." Id. We examine the circumstances surrounding a private eviction in their totality to determine whether the defendants acted under color of state law. Id. at 384. Here, Avington does not allege any facts suggesting state involvement in the attempted eviction or management of the apartment complex. The mere filing of the unlawful detainer action cannot be attributed to the state. See Lugar v. Edmunson Oil Co., Inc., 457 U.S. 922, 941 (1982). Accordingly, he has not stated a claim under section 1983.
 
 III
 
 6
 Section 1982 of the Civil Rights Act of 1866 entitles all citizens of the United States to the same right, as is enjoyed by white citizens, "to inherit, purchase, lease, sell, hold, and convey real and personal property." 42 U.S.C. § 1982. Similarly, sections 3604(a) and (b) of the Fair Housing Act, make it unlawful, respectively, "[t]o refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of race, color, religion, sex, or national origin" or "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of service or facilities in connection therewith, because of race, color, religion, sex, or national origin." 42 U.S.C. § 3604(a) & (b).
 
 
 7
 As support for his discrimination claim, Avington notes that he is black. He offers no other evidence. In fact, he implies in his brief that the genesis of his dispute with management lies in his conflict with Tyler, who also is black, over the towing of his car[2] and Tyler's "coercive" management style.
 
 
 8
 Even in the civil rights realm, to survive a motion for summary judgment, the nonmoving party must offer "concrete evidence from which a reasonable juror could return a verdict in his favor." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256 (1986). As the Second Circuit has said, civil rights complaints are insufficient unless they contain "some specific allegations of fact indicating some deprivation of rights, instead of a litany of general conclusions that shock but have no meaning." Barr v. Abrams, 810 F.2d 358, 363 (2d Cir.1987); see United States v. Wilson, 881 F.2d 596, 601 (9th Cir.1989). Avington's conclusory allegations do not meet this standard. A motion for summary judgment cannot be defeated by making conclusory allegations of discrimination unsupported by specific facts. See Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247-48. Moreover, Avington has presented no specific evidence whatsoever to rebut the defendants' assertion that his rent was increased because management determined that Anderson was not his live-in attendant rather than for any discriminatory reason. Accordingly, the district court did not err by granting summary judgment in favor of the defendants on Avington's claims under sections 1982 and 3604.
 
 
 9
 Similarly, Avington has offered no evidence that the defendants violated 42 U.S.C. § 3617 by harassing him on account of his exercise of rights under the Fair Housing Act. He merely lists the notices and actions taken against him in the dispute over his presence in Anderson's apartment. Thus, the district court's grant of the defendants' motion for summary judgment as to his claim under section 3617 likewise was proper.
 
 IV
 
 10
 Avington contends that the defendants' efforts to increase his rent and to evict him violated his right to due process under the Fifth Amendment of the Constitution. The defendants concede that there is sufficient federal involvement in this housing project to subject the defendants to the Due Process Clause of the Fifth Amendment. See Geneva Towers Tenants Org. v. Federated Mortgage Inv., 504 F.2d 483, 487-88 (9th Cir.1974). Avington contends that he was entitled to notice and an administrative evidentiary hearing before his rent was increased and before the defendants attempted to evict him. We believe, however, that Avington received all the process he was due.
 
 
 11
 Avington received forty-five days notice of the rent increase and an opportunity to respond. After Avington refused to pay his rent, the defendants served upon him a notice to perform covenant or quit. The defendants then brought an unlawful detainer action against him in state court. The state court proceeding afforded Avington all the process he was due under the Fifth Amendment; he was not entitled to a separate evidentiary hearing. See Geneva Towers, 504 F.2d at 492 (due process satisfied by notice and opportunity to respond before rent increase); Joy v. Daniels, 479 F.2d 1236, 1243 (4th Cir.1973) (due process satisfied by notice and state eviction procedure); see also Ressler v. Pierce, 692 F.2d 1212, 1221 (9th Cir.1982); cf. Lindsey v. Normet, 405 U.S. 56 (1972) (upholding Oregon's unlawful detainer statute under the Due Process Clause of the Fourteenth Amendment).
 
 
 12
 More fundamentally, Avington suffered no deprivation of any protected property interest. Avington prevailed in the state court action; his rent was not increased nor was he evicted. In fact, Avington later vacated the apartment of his own volition. Accordingly, the district court did not err by granting the defendants' motion for summary judgment against Avington on his due process claims. Cf. Wilson, 881 F.2d at 601.
 
 V
 
 13
 Finally, Avington contends that the district court judge was biased against him. Avington filed a motion under 28 U.S.C. § 455(b) to disqualify Judge Letts. After a conference before Judge Rea, Avington's motion to disqualify Judge Letts was denied.
 
 
 14
 Recusal or disqualification of a judge is at issue when a reasonable person would conclude that the judge's impartiality might reasonably be questioned. United States v. Studley, 783 F.2d 934, 939 (9th Cir.1989). Only extrajudicial conduct can form the basis for disqualification. An adverse ruling or other judicial action on a case cannot provide a basis for disqualification or recusal. Id. In support of his claim, Avington alleges that, among other things, Judge Letts (1) allowed testimony at a hearing after he had assured Avington that testimony would not be allowed; (2) allowed Anderson to settle her claim; (3) patronized both Tyler and Anderson; and (4) erred in statements about the Thirteenth Amendment and the scope of the Fair Housing Act.
 
 
 15
 The defendants contend that we lack jurisdiction to consider Avington's claim because he has not filed a timely notice of appeal from Judge Rea's order. Assuming arguendo that his appeal is timely, we find no merit in Avington's arguments on recusal.
 
 VI
 
 16
 As no ongoing controversy exists, declaratory relief is inappropriate. See Ellis v. Dyson, 421 U.S. 426, 433 (1975) (party seeking declaratory relief must clearly demonstrate continuing actual controversy); Bell v. City of Kellogg, 922 F.2d 1418, 1422 (9th Cir.1991). Nor is Avington entitled to injunctive relief. See United Transp. Union v. Skinner, 975 F.2d 1421, 1425 (9th Cir.1992); see also Los Angeles v. Lyons, 461 U.S. 95, 105 (1982) (party seeking injunctive relief must show real and immediate threat of injurious conduct); Ced's, Inc. v. EPA, 745 F.2d 1092, 1100 (7th Cir.1984) (success on merits is a prerequisite to entry of permanent injunction), cert. denied, 471 U.S. 1015 (1985).
 
 
 17
 The district court's grant of the defendants' motion for summary judgment is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit R. 36-3
 
 
 [1]
 Although Anderson originally was a party to this action, she has since settled with the defendants
 
 
 [2]
 Avington's reliance on Conner v. City of Santa Ana, 897 F.2d 1487 (9th Cir.1990), in reference to the towing dispute is misplaced. The issue in Conner was whether the warrantless entry of private property under the authority of the city's nuisance ordinance violated the Fourth Amendment. Conner is inapplicable to any issue before the court in this case