996 F.2d 1226
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert O. O'ROURKE and Raymond O'Rourke, Plaintiff-Appellant,
v.
MAXWELL LABORATORIES, a Delaware Corporation, etc., et al.,
Defendants-Appellees.
 No. 91-55406.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided July 1, 1993.
 
 Before: KOZINSKI, SUHRHEINRICH** and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 The defect in the removal petition here was procedural rather than jurisdictional. Cf. Maniar v. FDIC, 979 F.2d 782, 784-85 (9th Cir.1992) (untimely removal is procedural rather than jurisdictional defect). As such, it is governed by that aspect of 28 U.S.C. § 1447(c) which provides in relevant part that "[a] motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the motion of removal...." 28 U.S.C. § 1447(c). See generally, James W. Moore & Brett A. Ringle, MOORE'S FEDERAL PRACTICE § 0.168[4.-1] (1993). Because plaintiffs' verbal motion for remand was not made until nearly six months after the removal petition was filed, it was untimely. Plaintiffs' failure to object in a timely manner also constituted a waiver of the objection. See Fristoe v. Reynolds Metals Co., 615 F.2d 1209, 1212 (9th Cir.1980) (per curiam) (a party may waive right to object to procedural defect such as a late petition or be estopped by "sitting on his rights"); Leininger v. Leininger, 705 F.2d 727, 729 (5th Cir.1983) (same).
 
 
 3
 Further, this court has expressly held that technical defects in a removal petition may be cured by amendment. See Pochiro v. Prudential Ins. Co. of America, 827 F.2d 1246, 1248-49 (9th Cir.1987).
 
 
 4
 Defendants request damages and double costs pursuant to Fed.R.App. 38 in defending this frivolous action. This court has authority to award attorneys' fees for frivolous appeals under Fed.R.App.P. 38. Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). "An appeal is frivolous when the result is obvious or the appellants' arguments are wholly without merit." Id. (citations omitted). This one is. Plaintiffs are therefore ordered to pay attorneys fees' in the amount of $2000 to defendants as sanctions pursuant to Rule 38.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable Richard F. Suhrheinrich, Circuit Judge for the United States Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by the 9th Cir.R. 36-3