

FILED

**NOT FOR PUBLICATION**

MAR 05 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| J. H. McQUISTON,<br><br>      Plaintiff - Appellant,<br><br>    v.<br><br>CITY OF LOS ANGELES; ANTONIO VILLARAIGOSA, Mayor; BANK OF AMERICA, as Trustee of the Brinkman Family Trust, Property Owner and Lessor; SIT N SLEEP, INC., a California Corporation, Property Lessee; ED REYES, City Councilmember; JOSE HUIZAR, City Councilmember; PAUL KREKORIAN, City Councilmember; CHRISTOPHER KOONTZ,<br><br>      Defendants - Appellees. | No. 12-56084<br><br>D.C. No. 2:12-cv-1543-DSF-MRW<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted February 7, 2014[**]
Pasadena, California

---

       [*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

       [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: PREGERSON, MURPHY,[***] and BERZON, Circuit Judges.

The district court dismissed Appellant McQuiston's complaint without prejudice, concluding McQuiston did not have standing because his alleged injuries are not fairly traceable to Defendants' conduct and they cannot be redressed by a favorable decision. McQuiston then brought this appeal. Exercising jurisdiction pursuant to pursuant to 28 U.S.C. § 1291, this court **affirms** the dismissal of McQuiston's complaint.

**1.** The doctrine of standing has both a constitutional and a prudential component. *Ass'n of Pub. Agency Customers v. Bonneville Power Admin.*, 733 F.3d 939, 950, 954 (9th Cir. 2013). In *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992), the Supreme Court held that a plaintiff can satisfy constitutional standing requirements by demonstrating (1) a concrete injury that is neither conjectural nor hypothetical ("injury in fact"), (2) a causal connection between the injury and the defendant's alleged conduct ("causation"), and (3) a likelihood the injury can be redressed by a favorable judicial decision ("redressability"). Contrary to McQuiston's appellate arguments, *Lujan* applies to actions brought under 42 U.S.C. § 1983. McQuiston has failed to direct this court to a single case holding otherwise, and numerous courts have applied the *Lujan* elements in § 1983 actions. *See, e.g., Table Bluff Reservation (Wiyot Tribe) v.*

---

[***] The Honorable Michael R. Murphy, Senior Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

*Philip Morris, Inc.*, 256 F.3d 879, 882 (9th Cir. 2001) (applying *Lujan* in an action brought pursuant to § 1983 and § 1985(3)).  McQuiston is likewise incorrect in asserting that *Lujan* only applies to cases in which the United States is a party.  *See, e.g., Maya v. Centex Corp.*, 658 F.3d 1060, 1067–69 (9th Cir. 2011) (applying *Lujan* to a case involving two private parties after holding *Lujan* dictates the standard by which constitutional standing is determined).

**2.**  Applying *Lujan* to McQuiston's claim that he suffered an economic injury because the Defendants' actions deprived him of the commercial use of his property leads to the conclusion McQuiston has failed to establish constitutional standing.  McQuiston has never applied for a variance and, thus, has never been denied a variance.  His alleged injury is therefore hypothetical, because he simply assumes he would not be granted a variance if he applied.

Even if it is assumed that McQuiston has actually suffered a concrete injury because he cannot use his property for commercial activities, he cannot show a causal connection between that injury and the grant of a variance to the Brinkman Trust or the general practice of granting variances from zoning restrictions.  Instead, the injury was caused because McQuiston chose to abide by the MR1 zoning restrictions and failed to apply for a variance.  Thus, he lacks standing to assert his claims for money damages.

Further, McQuiston cannot show his alleged economic injury can be redressed by the injunctive relief he seeks.  In addition to monetary damages,

3

McQuiston also seeks a determination that the grant of variances is unlawful. Assuming he obtains such a determination, the property he owns in the MR1 Zone would never be usable for commercial purposes. Thus, the injunctive relief he seeks forecloses him from using his property in a way that would give him the very economic benefit he claims he has been denied.

**3.** McQuiston also alleges the public has suffered a generalized harm because the City has not adhered to its own zoning laws. This is an allegation of a generalized harm "shared in substantially equal measure by all or a large class of citizens." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). Such a generalized grievance "does not warrant exercise of jurisdiction" and, thus, the federal courts should not hear the controversy on prudential grounds. *Id*. at 499–500.

Similarly, McQuiston asserts the City's actions will harm him "with respect to public health, the public morals, the public safety, or the public welfare in its proper sense and [by] collapsing the economic engine for Hollywood's quality of life." These alleged harms, although couched as harms to McQuiston, will be suffered in equal measure by anyone who lives in an area where zoning variances are granted. "Under the prudential standing rules, a federal court will not provide a forum to air generalized grievances about the conduct of government." *Bell v. City of Kellogg*, 922 F.2d 1418, 1423 (9th Cir. 1991) (quotation omitted).

McQuiston has raised only general allegations that Defendants, including the City, have violated the law and thereby injured him and other members of the

4

public equally.  Thus, he lacks prudential standing.

**4.**  McQuiston's final argument is that he has standing because he has incurred attorney's fees and costs in bringing this action.  "A plaintiff cannot achieve standing to litigate a substantive issue by bringing suit for the cost of bringing suit.  The litigation must give the plaintiff some other benefit besides reimbursement of costs that are a byproduct of the litigation itself." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 107 (1998).

The dismissal of McQuiston's complaint without prejudice is **AFFIRMED**.