NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KIMBERLY BENDER,<br><br>       Plaintiff-Appellant,<br><br>v.<br><br>CLARK COUNTY SCHOOL DISTRICT,<br><br>       Defendant-Appellee. | No. 19-15055<br><br>D.C. No.<br>2:18-cv-00063-JCM-PAL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted May 7, 2020[**]
Portland, Oregon

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,[***]
District Judge.

Kimberly Bender, a special education teacher for Clark County School

District ("CCSD") in Nevada, was notified in writing on April 10, 2014 by CCSD

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]   The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

that she was suspended without pay. This decision was affirmed by an arbitrator approximately two years later, and Bender was terminated on April 15, 2016. On April 12, 2018, Bender sued CCSD, asserting 42 U.S.C. § 1983 claims for violation of the Contracts Clause of the United States Constitution and for denial of procedural due process, in addition to state law claims. The district court dismissed the action, finding it was barred by the statute of limitations. On appeal, Bender challenges only the dismissal of her § 1983 claims. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Section 1983 claims "are governed by the forum state's statute of limitations for personal injury actions." *See Knox v. Davis*, 260 F.3d 1009, 1012 (9th Cir. 2001). Nevada's relevant statute of limitations is two years. *See* Nev. Rev. Stat. § 11.190(4)(e). Federal law, however, determines when a claim accrues. *See Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). A cause of action accrues under federal law when a potential claimant either is aware or should be aware of the existence and source of his or her injury. *See Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). The contested issue in this case is when the § 1983 claims accrued.

The district court correctly concluded that Bender's § 1983 claims accrued no later than April 2014. To determine the event that commenced the running of the statute of limitations in an employment action, we must first "identify precisely the

'unlawful employment practice' of which [the plaintiff] complains." *Delaware State Coll. v. Ricks*, 449 U.S. 250, 257 (1980). For both of Bender's claims, the last "unlawful employment practice" of which she complains is the denial of a hearing before her suspension and the recommendation of her dismissal in April 2014.[1] *Ricks*, 449 U.S. at 257. In addition, Bender alleges she was denied the right to union representation at the investigatory interviews and admonishment meetings between June 2013 and January 2014. Because the foregoing events occurred by April 2014, Bender knew or should have known of the unlawful employment practices forming the basis of her claims by then.[2] *Fink*, 192 F.3d at 914; *see Ricks*, 449 U.S. at 257.

Finally, the district court did not abuse its discretion by denying leave to amend because no amendment could cure the defects in Bender's complaint. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991).

**AFFIRMED.**

---

[1] Because Bender's complaint alleged that she was "denied the right to a pre-termination hearing," she argues on appeal that her claims did not accrue until she received notice of her termination on April 15, 2016. But, her complaint detailed her "termination date" as "April 25, 2014" and noted that she received a hearing in "January 2016."

[2] Bender's right to arbitration does not change this result because it was evident the suspension was final, and Bender was not going to receive a pre-suspension hearing through the arbitration. *See Ricks*, 449 U.S. at 261 ("[T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods.").