42 F.3d 1401
 RICO Bus.Disp.Guide 8703
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Elliott H. POLLACK, Plaintiff-Appellant,
v.
Martin Z.N. KATZ, Defendant-Appellee.
 No. 94-55375.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 4, 1994.
 
 Before: WALLACE, Chief Judge, GOODWIN and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Elliott Pollack appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his state law claims and claim brought under the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Sec. 1961-1968, against his former defense counsel Martin Katz. Pollack contends that the district court erred by finding that his complaint failed to sufficiently allege defendant (1) conducted an enterprise, and (2) engaged in a pattern of racketeering activity required for a cognizable RICO claim. We have jurisdiction under 28 U.S.C. Sec. 1291, and affirm.
 
 
 3
 * Background
 
 
 4
 Pollack, an attorney, employed Katz as his defense counsel in a malpractice action. Katz's representation ended in 1993, but all his bills for providing Pollack's defense have not been paid. After Katz sued Pollack to collect on the outstanding bills, Pollack filed the instant action in the Southern District of New York, claiming that some of Katz's billings constituted mail and wire fraud in violation of RICO. Pollack's complaint also included claims for common law fraud and breach of contract. The case was transferred to the Central District of California. After a hearing on Katz's motion to dismiss and for sanctions, the district court (1) dismissed the RICO claim with prejudice and pendent state law claims without prejudice for lack of jurisdiction, and (2) denied the request for sanctions.
 
 II
 Merits
 A. RICO Claim
 
 5
 A dismissal for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) is a ruling on a question of law and as such is reviewed de novo. Everest & Jennings v. American Motorists Ins. Co., 23 F.3d 226, 228 (9th Cir.1994). To properly state a Sec. 1962(c) RICO claim, plaintiff must plead that defendant conducted an enterprise through a "pattern of racketeering activity." 18 U.S.C. Sec. 1962(c); Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 541 (9th Cir.1989). A pattern of racketeering activity requires predicate acts which "amount to, or ... otherwise constitute a threat of continuing racketeering activity." H.J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 240 (1989).
 
 
 6
 When a plaintiff alleges fraudulent acts as the predicate acts in his RICO claim, Fed.R.Civ.P. 9(b) "requires that circumstances constituting fraud be stated with particularity." Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir.), cert. denied, 493 U.S. 858 (1989). The plaintiff "must state ... the specific content of the false representations." Id. at 1392-93.
 
 
 7
 In his complaint, Pollack alleged that on a number of different dates defendant made fraudulent representations by mail, facsimile transmission and phone. However, Pollack did not describe the particular contents of the alleged letters, faxes, and phonecalls and the role they played in the fraudulent scheme. Cf. Sun Sav. and Loan Ass'n v. Dierdorff, 825 F.2d 187, 190 (9th Cir.1987). Because Pollack failed sufficiently to allege a claim for violation of RICO based on mail and wire fraud, see Albright, 862 F.2d at 1392, the district court properly dismissed his RICO claim.[1]
 
 B. State Claims
 
 8
 "We review for abuse of discretion the district court's dismissal of pendent state claims after its dismissal of related federal claims." Notrica v. Board of Supervisors, 925 F.2d 1211, 1213 (9th Cir.1991). District courts should generally dismiss pendent state claims following dismissal of all federal claims. Id. at 1213-14; Schultz v. Sundberg, 759 F.2d 714, 718 (9th Cir.1985).
 
 
 9
 Without citing to any supporting authority, Pollack contends that instead of dismissing his state claims following dismissal of his RICO claims, the district court should have sua sponte given him leave to amend his complaint to allege diversity jurisdiction for his state law claims. However, Pollack failed to present facts or make an argument to the district court in support of diversity jurisdiction. See Durham v. Kelly, 810 F.2d 1500, 1506 (9th Cir.1987). Accordingly, the district court did not abuse its discretion by dismissing Pollack's state claims without giving him leave to amend.[2]
 
 III
 Sanctions on Appeal
 
 10
 Katz requests sanctions against Pollack for filing a frivolous appeal. We have discretion to award damages and costs to the prevailing party where we determine that an appeal is frivolous. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Bell v. City of Kellogg, 922 F.2d 1418, 1425 (9th Cir.1991). An appeal is frivolous if the results are obvious or the arguments of error are wholly without merit. Bell, 922 F.2d at 1425. Because Pollack's appeal is frivolous, we award costs and $1,000.00 in attorney's fees to Katz. See Fed.R.App. 38; 9th Cir.R. 39-1.1.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Pollack's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the district court properly determined that Pollack failed to allege the requisite predicate acts, we need not address his contention that the court erred by finding he had failed to sufficiently allege that Katz conducted an "enterprise."
 
 
 [2]
 The rule that a pro se plaintiff should be given the opportunity to amend his complaint when the district court dismisses it for failure to state a claim, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), does not lend support to Pollack's argument. The rule does not apply to the dismissal of pendent state claims for lack of jurisdiction. Moreover, the rule was devised to protect "pro se litigants [ ] unskilled in the law." Hernandez v. Denton, 861 F.2d 1421, 1423 (9th Cir.1988), vacated on other grounds, 493 U.S. 801 (1989), not an attorney like Pollack who knowingly chooses to rest on his complaint before the district court