FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| ELSA POLO, on behalf of herself and all others similarly situated, *Plaintiff-Appellant*, v. INNOVENTIONS INTERNATIONAL, LLC, a limited liability company, *Defendant-Appellee.* | No. 14-55916 D.C. No. 2:13-cv-00830-ABC-RNB OPINION |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued and Submitted May 4, 2016
Pasadena, California

Filed August 18, 2016

Before: RAYMOND C. FISHER, MILAN D. SMITH, JR.,
and JACQUELINE H. NGUYEN, Circuit Judges.

Opinion by Judge Milan D. Smith, Jr.

## SUMMARY[*]

### Remand

The panel reversed the district court's dismissal of a putative class action, based on lack of jurisdiction, and remanded to the district court for the case to be remanded to state court pursuant to 28 U.S.C. § 1447(c).

The panel held that the district court upon determining that it lacked jurisdiction, should have remanded the case to state court pursuant to 28 U.S.C. § 1447(c). Specifically, the panel held that the rule – that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) – applies as well to a case removed pursuant to the Class Action Fairness Act as to any other type of removed case. The panel rejected appellee's arguments that § 1447(c) should not apply to this case. Finally, the panel held that it could not say with "absolute certainty" that remand would be futile, therefore, the district court should have remanded to state court pursuant to § 1447(c).

### COUNSEL

Christopher Law Rudd (argued), The C2 Law Group, P.C., Sherman Oaks, California, for Plaintiff-Appellant.

Thomas J. Peistrup (argued), Tantalo & Adler LLP, Los Angeles, California, for Defendant-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

M. SMITH, Circuit Judge:

Elsa Polo appeals the district court's grant of summary judgment in favor of Innoventions International, LLC ("Innoventions"). Polo originally filed suit in state court, but Innoventions removed the case to federal court pursuant to the Class Action Fairness Act of 2005 (CAFA), Pub. L. No. 109-2, 119 Stat. 4 (codified in scattered sections of 28 U.S.C.). After the parties engaged in some discovery, Innoventions moved for summary judgment, arguing that Polo lacked Article III standing. The district court agreed, and dismissed the case. We hold that upon determining that it lacked jurisdiction, the district court should have remanded the case to state court pursuant to 28 U.S.C. § 1447(c). Accordingly, we reverse and remand to the district court.

## FACTS AND PRIOR PROCEEDINGS

Elsa Polo sued Innoventions in California state court. She alleged several causes of action, including four class claims. The gravamen of her complaint was that Innoventions had marketed a product called DiabeStevia with "grossly misleading and exaggerated claims" concerning its use and effectiveness—in particular, with the claim that it could be used to treat diabetes. Based upon Polo's allegation that the classes included "hundreds of customers," Innoventions removed the case to federal court pursuant to the provisions of CAFA, which provides for original jurisdiction in the federal district courts over certain class actions. *See* 28 U.S.C. § 1332(d)(2), (d)(5)(B).

Polo went through several rounds of pleading before settling on a Third Amended Complaint (TAC). The TAC alleged, among other things, that Polo had been diagnosed with Type 2 diabetes; that Innoventions marketed DiabeStevia as a treatment for diabetes; that relying upon Innoventions's claims, Polo stopped taking her prescribed diabetes medication, and instead began treating her diabetes with DiabeStevia; and that DiabeStevia failed to perform as advertised, causing Polo to suffer "life threatening illness." Based upon these and other allegations, Polo asserted nine different causes of action in her TAC.

Of those original nine causes of action, Polo appeals the dismissal of only one, her class-action claim for violations of California's Consumers Legal Remedies Act (CLRA), Cal. Civ. Code § 1750 *et seq*. That claim was predicated on a rather more limited set of allegations, i.e., that DiabeStevia "did not have the level of safety, quality, effectiveness or value as promised" and that she and the class members "would not have purchased DiabeStevia on the same terms"—that is, for a "premium price"—"had they known the true facts." Polo also asserted that her counsel had mailed to Innovations the written notice and demand required by the CLRA. *See* Cal. Civ. Code § 1782(a).

On summary judgment, the district court found undisputed that Polo does *not* have diabetes, and that she had stopped taking her diabetes medication at least five months *before* she purchased and used DiabeStevia. Thus, the district court reasoned, Polo "cannot have been injured in the manner in which she alleges—that she became severely ill with diabetes symptoms in response to discontinuing her prescriptions in reliance on DiabeStevia." With respect to Polo's CLRA claim, the district court found that Innoventions

had undisputedly refunded Polo her entire purchase price, including tax and shipping. As a result, the district court held that Polo lacked Article III standing for all of her claims, granted summary judgment in favor of Innoventions, and dismissed the case. This appeal followed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's decision not to remand de novo. *See ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1111 (9th Cir. 2000); *see also Ah Quin v. Cty. of Kauai Dep't of Transp.*, 733 F.3d 267, 270 (9th Cir. 2013) (reviewing grant of summary judgment).

## ANALYSIS

On appeal, Polo does not dispute that she lacked Article III standing. Instead, she argues that upon making that determination, the district court was required to remand the case to state court, pursuant to 28 U.S.C. § 1447(c). Innoventions disagrees. Its primary argument is that § 1447(c) does not apply in the context of this case. Even if it does, Innoventions insists, the district court was permitted to dismiss this case because remand to the California courts would have been "futile." *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). We address each of Innoventions' arguments in turn.

## I. Removal without Jurisdiction

It is axiomatic that federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). We are limited, by Congress and

by the Constitution, in the subject matter of cases we may adjudicate. *Id.* State courts, by contrast, are not so limited. *See Tafflin v. Levitt*, 493 U.S. 455, 458–60 (1990). As a result, federal and state courts frequently have *concurrent* jurisdiction over a given case. *See, e.g.*, *id.* (concerning federal claims); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 809 (1976) (concerning state-law claims with diverse parties). When this is so, a plaintiff may choose the court system in which she files suit—she is, as the old maxim declares, "master of [her] case." *See, e.g.*, *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir. 1988).

The availability of removal is an important check on the plaintiff's mastery. Removal permits a defendant to bring to federal court a suit initially filed in state court—*if* the federal court could have exercised original jurisdiction in the first instance. 28 U.S.C. § 1441(a), (b).[1] Removal is a powerful tool: It operates largely automatically in that once a defendant has filed the appropriate notice of removal in the federal district court removal is a *fait accompli*. §§ 1446(a), 1447(a), (b). If the removal suffers from procedural defects, the plaintiff is responsible for bringing those defects to the attention of the district court in a timely motion to remand. § 1447(c); *Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003). Generally, procedural defects not so raised are waived. *See Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 942 (9th Cir. 2006).

Defects of subject-matter jurisdiction, however, are another matter. In an ordinary removal case, "[i]f at any time

---

[1] *But see* 28 U.S.C. § 1441(b)(2).

before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." § 1447(c) (emphasis added). No motion, timely or otherwise, is necessary: ultimate responsibility to ensure jurisdiction lies with the district court. *Kelton Arms*, 346 F.3d at 1192. Moreover, the district court generally *must* remand the case to state court, rather than dismiss it. *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997). Remand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the *federal* courts have no power to adjudicate the matter. State courts are not bound by the constraints of Article III. *ASARCO Inc. v. Kadish*, 490 U.S. 605, 617 (1989).

The rule that a removed case in which the plaintiff lacks Article III standing must be remanded to state court under § 1447(c) applies as well to a case removed pursuant to CAFA as to any other type of removed case. § 1453(c)(1) ("Section 1447 shall apply to any removal of a case under [CAFA], except . . . section 1447(d) . . . ."); *see also Me. Ass'n of Interdependent Neighborhoods v. Comm'r, Me. Dep't of Human Servs.*, 876 F.2d 1051, 1053–54 (1st Cir. 1989). Despite this straightforward proposition, Innoventions argues that § 1447(c) should not apply to this case for three reasons.

First, Innoventions relies on general maxims in our precedents, such as "a putative class action, once properly removed, stays removed." *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union v. Shell Oil Co.*, 602 F.3d 1087, 1091 (9th Cir. 2010). Taken at face value, the stated maxim proves too much: It squarely contradicts the statutory language, which provides for remand of CAFA actions on (mostly) the

same terms as any other case removed to federal court. *See* § 1453(c)(1). In context, the quoted statement in *United Steel* applies only to "post-filing developments," such as a failure of Rule 23 class certification that might defeat CAFA eligibility. *See* 602 F.3d at 1091–92 & n.3. Our primary concern in that case was thwarting "jurisdictional ping-pong game[s]" in which parties lob a case back and forth between federal and state courts as post-filing developments occur. *See id.* at 1090. But when federal jurisdiction is absent from the commencement of a case, a putative class action is not "properly removed"—and therefore need not "stay[] removed." *See id.* at 1091, 1092 n.3. This case lacked a named plaintiff with Article III standing, and therefore was not properly removed. Moreover, after remand of this appeal, Polo's lack of Article III standing will be law of the case.[2] Thus, there is no danger of a jurisdictional ping-pong game in this case: this rally has concluded.

Second, Innoventions argues that the failure of a claim on the merits does not divest a court of jurisdiction. While this is generally true, *see Bell v. Hood*, 327 U.S. 678, 682 (1946), the point is irrelevant here. The district court expressly determined that Polo's claims failed for lack of standing. The district court's factual determinations—that Polo did not have diabetes and that Innoventions did not cause her to stop taking her diabetes medication—could have served as a basis for judgment on the merits of some of her other claims, such as her claim for personal injury. However, as we shall presently explain, Polo's CLRA claim is independent of those facts. *See infra* Part II. According to the district court, that

---

[2] *See Morris v. Am. Nat'l Can Corp.*, 988 F.2d 50, 52 (8th Cir. 1993) (holding that the law-of-the-case doctrine applies just as readily to an issue that was waived as to an issue that was formally presented to the court).

claim was rendered "moot" when Innoventions refunded Polo the money she spent on DiabeStevia. It rendered no judgment on the merits of that claim.

Finally, Innoventions argues that because Polo's lack of injury was established as part of the summary-judgment process, it was established *at* final judgment, rather than "before final judgment" as required by § 1447(c). What the statute requires is remand "[i]f *at any time before* final judgment it appears that the district court lacks subject matter jurisdiction"—and the district court necessarily must have determined that it lacked subject-matter jurisdiction *before* entering judgment to that effect.[3] Therefore, this case falls within the purview of § 1447(c).

## II.  The Futility Doctrine and the CLRA

Innoventions also argues that despite the literal words of § 1447(c), a district court may dismiss a removed case without remanding it back to state court if remand would be futile. This argument finds some support in our precedents. *See Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. 1991). However, the *Bell* rule has been questioned, and may no longer be good law. Importantly here, even if it remains good law, remand would not be futile under the *Bell* standard.

In *International Primate Protection League v. Administrators of Tulane Educational Fund*, decided a few months after we decided *Bell*, the Supreme Court declined to apply a futility exception to the remand rule. 500 U.S. 72,

---

[3] Indeed, the record shows that the district court made its determination on May 1, 2014, but entered judgment almost two weeks later on May 12, 2014.

88–89 (1991). Although the Court did not reject the futility doctrine outright, it did take note of "the literal words of § 1447(c), which, on their face, give no discretion to dismiss rather than remand an action." *Id.* at 89 (quotation marks and alteration omitted). In the wake of *International Primate*, a number of other circuits have expressly rejected the futility doctrine. *See Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225–26 (10th Cir. 2012) (collecting cases). But Polo has not argued that *Bell* is no longer controlling law, and we decline to so hold *sua sponte*. *Cf. Miller v. Gammie*, 335 F.3d 889, 899 (9th Cir. 2003) (considering when a panel may overrule prior circuit authority).

Even applying the *Bell* rule, however, a district court must have "absolute certainty" that a state court would "simply dismiss[] the action on remand." 922 F.2d at 1425 (quotation marks omitted). In other words, only when the eventual outcome of a case after remand is so clear as to be foreordained have we held that a district court may dismiss it—to "prevent[] any further waste of valuable judicial time and resources." *Id.* It is far from clear that a state court would dismiss Polo's CLRA claim.

A plaintiff who purchased goods in light of deceptive practices has standing to sue pursuant to the CLRA if she alleges (a) that she purchased a product from the defendant, and (b) that "the purchase would not have been made but for the misrepresentation." *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 890 (Cal. 2011); *see also Hinojos v. Kohl's Corp.*, 718 F.3d 1098, 1108 (9th Cir. 2013). The injury Polo asserts with respect to her CLRA claim fits these requirements:

Plaintiff and California Class members suffered injuries caused by Defendants' misrepresentations about DiabeStevia because: (a) Plaintiff and the California Class members would not have purchased DiabeStevia on the same terms had they known the true facts; (b) Plaintiff and the California Class paid a premium price due to the false and misleading advertising of DiabeStevia; and (c) DiabeStevia did not have the level of safety, quality, effectiveness or value as promised.

Polo's standing to bring her CLRA claim does not depend upon her allegation that taking DiabeStevia made her diabetes worse. Indeed, with respect to Polo's CLRA claim, when Polo ceased taking her diabetes medication—or whether she had diabetes at all[4]—is irrelevant. What matters are her allegations that she thought she had diabetes; that Innoventions marketed DiabeStevia as a treatment for diabetes; and that but for that marketing, she would not have bought DiabeStevia.

Were that the end of the allegations, Polo would likely have standing under Article III. *See Hinojos*, 718 F.3d at 1104 n.3. But the district court held that because Innoventions fully compensated Polo for "her entire purchase price," her

---

[4] Whether or not Polo *actually* had or has diabetes is unclear. Polo was at one point in time diagnosed with diabetes and prescribed diabetes medication. Some time later—the timeline is vague—she was told either that her symptoms had been brought under control or that she was no longer diabetic.

CLRA claim is moot.[5] Under California law, however, that sort of "picking off" of class plaintiffs is ineffective: "[O]nce a person has been the victim of a proscribed practice under the CLRA and makes a demand on behalf of a class, remedying the plaintiff's individual complaint does not disqualify her as class representative." *Meyer v. Sprint Spectrum, L.P.*, 200 P.3d 295, 300 (Cal. 2009). Instead, to defeat a class action based on practices proscribed under the CLRA, the defendant "must adequately notify the members of the class and provide an opportunity for an appropriate remedy for the defective goods or services." *Id.* (citing Cal. Civ. Code § 1782(c)).

Polo made a demand on behalf of a class on April 6, 2012. Innoventions refunded Polo's purchase price on May 11, 2012, but does not contend that it provided the notice and remedy to class members required by the CLRA. See Cal. Civ. Code § 1782(c); *Meyer*, 200 P.3d at 300. Thus, Polo likely retains standing under California law. At a minimum, we cannot say with "absolute certainty" that remand would be futile. Therefore, the district court should have remanded this case to state court pursuant to 28 U.S.C. § 1447(c).

## CONCLUSION

The district court's judgment dismissing this case is

REVERSED and REMANDED.

---

[5] This conclusion is questionable, *see Chen v. Allstate Ins. Co.*, 819 F.3d 1136, 1141–43 (2016), but Polo expressly waived any argument to the contrary on appeal. *See supra* note 2 and accompanying text.