Bencivengo, J.,
concurring in part and dissenting in part:
I concur that the district court properly granted summary judgment on Reyes’s meal and rest break and constructive discharge claims. I also agree that Reyes lacks statutory standing to state a claim under California’s Deferred Deposit Transactions Law (“CDDTL”). However, I dissent from the majority’s affirmance of the district court’s dismissal of the CDDTL claim for lack of statutory standing because Reyes’s lacked Article III standing for her CDDTL claim, meaning the district court should have remanded that claim to state court without considering whether she had statutory standing.
“The requirement that jurisdiction be established as a threshold matter is inflexible and without exception; for jurisdiction is power to declare the law, and without jurisdiction the court cannot proceed at all in any cause.” Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 119 S.Ct. 1563, 143 L.Ed.2d 760 (1999) (citing Steel Co. v. Citizens for Better Env’t, 523 U.S. 83, 93-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)) (internal brackets, ellipses, citations and quotation marks omitted). “A suit brought by a plaintiff without Article III standing ■is not a ‘case or controversy,’ and an Article III federal court therefore lacks subject matter jurisdiction over the suit.” Cetacean Cmty. v. Bush, 386 F.3d 1169, 1174 (9th Cir. 2004).
The “zone of interests” inquiry used by the district court to determine whether Reyes had statutory standing to assert a CDDTL claim is merely a matter of statutory interpretation, and is not jurisdictional. Lexmark Int’l, Inc. v. Static Control Components, Inc., — U.S.—, 134 S.Ct. 1377, 1386-88 n.4, 1391 n.6, 188 L.Ed.2d 392 (2014). It is incumbent upon federal courts to determine whether Article III standing exists before turning to the question of statutory standing. Steel Co., 523 U.S. at 93-102, 118 S.Ct. 1003; see also Spokeo, Inc. v. Robins, — U.S.—, 136 S.Ct. 1540, 1547-48, 194 L.Ed.2d 635 (2016) (“It is settled that Congress cannot erase Article Ill’s standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing.”) (quoting Raines v. Byrd, 521 U.S. 811, 818, 117 S.Ct. 2312, 138 L.Ed.2d 849 (1997)).
“Article] III [of the Constitution] requires the party who invokes the court’s authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, and that the injury fairly can be traced to the challenged action and is likely to be redressed by a favorable decision.” Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982) (internal quotation marks and citations omitted). This standing to sue doctrine is derived from Article Ill’s limitation of the judicial power of federal eoui'ts to “actual cases or controversies.” Spokeo, 136 S.Ct. at 1547 *659 (citing Raines, 521 U.S. at 818, 117 S.Ct. 2312), “The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong.” Id, “[T]he ‘irreducible constitutional minimum’ of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.” Id. (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)). Reyes’s CDDTL claim does not satisfy the second requirement.
Reyes was never received a loan from Checksmart but alleged that Checksmart required her, as an employee, to encourage customers to use products that violate the CDDTL and to encourage other Checks-mart employees to do the same. According to Reyes, she was damaged by Checks-mart’s alleged CDDTL violations insofar as she was forced to quit and lost her wages and benefits because of the violations. ER 491.
Assuming the truth of these allegations, Reyes’s injuries related to her discharge are not traceable to any alleged CDDTL violation; they are traceable to Checks-mart’s alleged job requirement that Reyes offer customers loans that Reyes believed would violate the CDDTL. Assuming Checksmart actually provided loans to customers in violation of the CDDTL, Reyes could not have suffered any injury in fact traceable to those violations because she was not a customer who received a loan. Moreover, Reyes’s alleged injury would have occurred regardless of whether Checksmart actually provided a customer a loan that violated the CDDTL because Reyes alleges that she was forced to resign merely because she had to offer customers allegedly illegal loans. Reyes even admits in her opening brief that her injury resulted from “refusing to sell the prohibited practices to her supervisees and customers, and not directly the result of a payday loan” that violated the CDDTL. Blue Brief at 20. Thus, Reyes’s injury is traceable to her working conditions and alleged violations of labor and employment laws, not any alleged CDDTL violation.
To hold that Reyes has Article III standing here would effectively allow any employee who concludes that her employer is violating a statute to have Article III standing (though not necessarily statutory standing) to assert a claim under that statute. Indeed, if Reyes’s alleged stress is fairly traceable to an alleged CDDTL violation, the “fairly traceable” requirement does not put any limit on Article III standing.
In sum, because any injury suffered by Reyes was not traceable to any violation of the CDDTL by Checksmart, Reyes lacked Article III standing to bring a claim under the CDDTL,
This case was removed to federal court, raising the question of how the district court should have proceeded in light of Reyes’s lack of Article III standing. When a plaintiff lacks Article III standing for an entire removed case, the district court must remand the entire case, not dismiss it. Polo v. Innoventions Int’l, LLC, 833 F.3d 1193, 1196 (9th Cir. 2016); see also 28 U.S.C. § 1447(c) (“If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.”). However, when a plaintiff lacks Article III standing for only some of the claims in a removed case, and the federal court has subject matter jurisdiction over the remaining claims, the district court may not remand the entire case. Lee v. Am. Nat’l Ins. Co., 260 F.3d 997, 1007-08 (9th Cir. 2001).
*660 The panel in Lee declined to address whether a partial remand of only the standing-deficient claims is required or within the district court’s discretion. However, the Lee opinion noted that “[i]n some cases, a plaintiff might forfeit an otherwise viable state-law claim because that claim was part of a removed diversity case which was subsequently determined to be beyond the federal court’s power to decide, a result which might militate in favor of remanding, rather than dismissing, nonjusti-ciable state-law claims.” Id. at 1006-07. Further, the Supreme Court has acknowledged that. “one might also read the [§ 1447(c) ] reference to ‘case’ to include a claim within a case as well as the entire case.” Wisconsin Dep’t of Corr. v. Schacht, 524 U.S. 381, 392, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998).
A federal court lacking subject matter jurisdiction over a claim should not engage in a hypothetical analysis of whether dismissal of that claim will effectively prohibit the plaintiff from pursuing it in state court due to statute of limitations issues or otherwise. The state court should decide whether the plaintiff can pursue the standing deficient claim in state court, where the plaintiff initially pled it. To the extent a partial remand of standing deficient claims will result in duplicative litigation, such result is preferable to a federal court enabling defendants to prevent plaintiffs from seeking relief for claims for which they have standing in state court, but not under Article III, by removing the entire case. If a plaintiff does not want to engage in parallel litigation, it would be free to dismiss the remanded claims in the state court. On the other hand, for defendants, duplicative litigation is simply a risk they should consider when removing a case where the plaintiffs Article III standing is questionable.
In light of the foregoing, the district court should have severed the CDDTL claim and remanded it to state court as a result of Reyes’s lack of Article III standing.