NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CATRINA R. RODRIGUEZ, on behalf of herself, all others similarly situated, | No.    19-16199 |
| Plaintiff-Appellant, | D.C. No. 4:17-cv-06924-KAW |
| v. | MEMORANDUM* |
| U.S. HEALTHWORKS, INC., a Delaware corporation; U.S. HEALTHWORKS MEDICAL GROUP, PC, A Delaware corporation, | |
| Defendants-Appellees, | |
| and | |
| U.S. HEALTHWORKS HOLDING COMPANY, INC., a business entity form unknown; DOES, 1 through 100, inclusive, | |
| Defendants. | |

Appeal from the United States District Court
for the Northern District of California
Kandis A. Westmore, Magistrate Judge, Presiding

Argued and Submitted July 15, 2020
San Francisco, California

_____

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  IKUTA and HURWITZ, Circuit Judges, and TAGLE,[**] District Judge.

Catrina Rodriguez appeals the district court's order denying remand and granting summary judgment for defendants in her action under the Fair Credit Reporting Act and California law. We have jurisdiction under 28 U.S.C. § 1291, and we reverse and remand with instructions to remand the action to state court.

We review de novo "issues of subject matter jurisdiction and denials of motions to remand removed cases." *Ritchey v. Upjohn Drug Co*., 139 F.3d 1313, 1315 (9th Cir. 1998). The district court improperly concluded that Rodriguez sufficiently alleged economic injury to establish Article III standing.  Once Rodriguez no longer claimed that she "lost money or property" at the summary judgment stage,  the court should have concluded that she lacked standing. 28 U.S.C. § 1447(c) ("If *at any time before final judgment* it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (emphasis added)); *see also Syed v. M-I, LLC*, 853 F.3d 492, 499 n.4 (9th Cir. 2017) (noting "what suffices [for standing] at the Rule 12(b)(6) stage may not suffice at later stages of proceedings when the facts are tested"). Further, Rodriguez did not suffer informational injury because the record contains no allegation or evidence that she was confused by the disclosure statement and would not have signed it if it were

---

[**]     The Honorable Hilda G. Tagle, United States District Judge for the Southern District of Texas, sitting by designation.

sufficiently clear. *See Syed*, 853 F.3d at 499–500. She also did not face difficulty in obtaining a summary of her rights and did not otherwise suffer a risk of material harm to any concrete interest. *See Ramirez v. TransUnion LLC*, 951 F.3d 1008, 1030 (9th Cir. 2020).

We also do not find the futility doctrine applicable here. *See Bell v. City of Kellogg*, 922 F.2d 1418. 1424–25 (9th Cir. 1991) (holding dismissal may be appropriate when remand would be futile). The doctrine applies only when a district court has "absolute certainty" that a state court would "simply dismiss the action on remand"—that is, "only when the eventual outcome . . . is so clear as to be foreordained have we held that a district court may dismiss it." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1198 (9th Cir. 2016). Here, we cannot say with absolute certainty what a California state court would do in the absence of a state court decision directly on point.

**REVERSED AND REMANDED with instructions**.