**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GLENN MARSHALL,

Plaintiff-Appellant,

v.

MOTEL 6 OPERATING LP, DBA Motel 6,

Defendant-Appellee.

No.   19-17316

D.C. No. 4:19-cv-03095-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted October 13, 2020[**]
Pasadena, California

Before:  GOULD and OWENS, Circuit Judges, and KORMAN,[***] District Judge.

Glenn Marshall appeals from the district court's dismissal with prejudice of

his putative class action against Motel 6 Operating LP.  Marshall originally filed

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

the instant action in state court, alleging a violation of the card number truncation requirement contained in the Fair and Accurate Credit Transactions Act of 2003 ("FACTA"), Pub. L. No. 108-159, 117 Stat. 1952. Motel 6 removed to federal court. Without addressing standing, the district court dismissed for failure to state a claim. As the parties are familiar with the facts, we do not recount them here. We vacate and remand with instructions for the district court to remand the case to state court.

Though neither party contests Marshall's standing, we are "required sua sponte to examine jurisdictional issues such as standing." *B.C. v. Plumas Unified Sch. Dist.*, 192 F.3d 1260, 1264 (9th Cir. 1999). A plaintiff does not "automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016). A "bare procedural violation, divorced from any concrete harm," cannot "satisfy the injury-in-fact requirement." *Id.*

In a recent case applying *Spokeo* to an alleged FACTA violation, we held that receiving a receipt bearing a credit card expiration date is not a sufficiently concrete injury to confer Article III standing. *Bassett v. ABM Parking Servs., Inc.*, 883 F.3d 776, 783 (9th Cir. 2018). We concluded that Bassett had not alleged a "material risk of harm" because he "did not allege that another copy of the receipt

2

existed, that his receipt was lost or stolen, that he was the victim of identity theft, or even that another person apart from his lawyers viewed the receipt." *Id.* Following the *Spokeo* framework, we also considered historical analogues of the FACTA violations and evidence of congressional judgment. *Id.* at 780-83. Both counseled against standing. *Id.*

*Bassett* controls the outcome here. Marshall has not alleged that another copy of the receipt exists or that anyone other than Marshall has seen it. Like Bassett, Marshall could shred the receipt and erase the hypothetical danger. And even if he keeps it, any purported risk of identity theft is too remote to satisfy Article III given that the offending digits convey no more than the brand of the card and its issuing bank, information that FACTA does not prohibit merchants from printing on receipts. *See* 15 U.S.C. § 1681c(g). Moreover, there is no historical predicate for Marshall's claim. *Bassett*, 883 F.3d at 780-81. Therefore, under *Bassett*, Marshall has not alleged a concrete injury and lacks Article III standing.

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). While we have recognized a futility exception to the remand mandate in § 1447(c), Motel 6 cannot demonstrate that it is an "absolute certainty that a state court would

3

simply dismiss[] the action on remand." *Polo v. Innoventions Int'l, L.L.C.*, 833 F.3d 1193, 1198 (9th Cir. 2016) (internal quotation marks and citation omitted).

Because we lack subject matter jurisdiction, we decline to reach the merits or Motel 6's objection to personal jurisdiction. We vacate and remand with instructions for the district court to remand the case to state court.

Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**