**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| 50 EXCHANGE TERRACE LLC, | No. 24-1612 |
| *Plaintiff - Appellant*, | D.C. No. 2:23-cv-09557-JLS-MAR |
| v. | |
| MOUNT VERNON SPECIALTY INSURANCE CO., | |
| *Defendant – Appellee*, | OPINION |

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Submitted February 11, 2025[*]
Pasadena, California

Filed March 3, 2025

Before: Susan P. Graber, David F. Hamilton,[**] and Patrick
J. Bumatay, Circuit Judges.

Opinion by Judge Hamilton

---

[*] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable David F. Hamilton, United States Circuit Judge for the
Court of Appeals, Seventh Circuit, sitting by designation.

## SUMMARY[***]

### Ripeness / Standing / Insurance Law

The panel affirmed the district court's dismissal for lack of ripeness and Article III standing of an action brought by 50 Exchange Terrace LLC seeking to collect under a property insurance policy.

The panel held that the injuries asserted by 50 Exchange were not actual or imminent. The insurance policy here mandated appraisal in the event the parties disagreed about the amount of loss. Because 50 Exchange acknowledged that appraisal was required, the extent of any loss cannot be determined by a court until an appraisal is completed. Any alleged injury before appraisal is too speculative to create an actionable claim. The panel concluded that the district court correctly resolved this straightforward issue of ripeness and standing.

The panel did not address the parties' argument under the doctrine of forum non conveniens.

### COUNSEL

Mark J. Geragos, J. Daniel Tapetillo, and Kimberly M. Casper, Geragos & Geragos, Los Angeles, California, for Plaintiff-Appellant.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

Jennifer Y. Sacro and Ilya A. Kosten, Sacro & Walker LLP, Glendale, California; Paul A. Impellezzeri, Barbanel & Treuer PC, Los Angeles, California; for Defendants-Appellees.

---

**OPINION**

HAMILTON, Circuit Judge:

The legal question in this appeal is straightforward: When the parties to an insurance contract disagree on the value of a loss, and the contract requires appraisal to resolve such disputes, is the insured's claim against the insurer for failure to pay a disputed amount ripe before appraisal is completed? Because fundamental principles of Article III ripeness and standing prohibit us from issuing advisory opinions or declaring rights in hypothetical cases, the insured's claim is not ripe.

Plaintiff-appellant 50 Exchange Terrace LLC ("50 Exchange") seeks to collect under a property insurance policy with its insurer, defendant-appellee Mount Vernon Specialty Insurance Company ("Mount Vernon"), for damage to 50 Exchange's property in Providence, Rhode Island.[1] The district court dismissed for lack of ripeness and Article III standing. We review de novo a district court's order dismissing a case due to lack of ripeness or standing.

---

[1] 50 Exchange is a limited liability company formed under Rhode Island law with its principal place of business in Rhode Island. One member of 50 Exchange resides in California. Mount Vernon is incorporated in Nebraska with its principal place of business in Pennsylvania. Subject matter jurisdiction is proper under 28 U.S.C. § 1332.

*Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1151 (9th Cir. 2017) (ripeness); *Loffman v. Cal. Dep't of Education*, 119 F.4th 1147, 1158 (9th Cir. 2024) (standing). Because the injuries asserted by 50 Exchange are not "actual or imminent," we affirm. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)) (internal quotation marks omitted). Because we affirm based on lack of ripeness and standing, we do not address the parties' arguments under the doctrine of forum non conveniens.

After frozen pipes burst and caused water damage to 50 Exchange's Rhode Island property, 50 Exchange and Mount Vernon disagreed on the cost of repairs. Mount Vernon paid its estimated value (less depreciation and a deductible) to 50 Exchange. Mount Vernon also demanded appraisal under the terms of its insurance policy with 50 Exchange. 50 Exchange then filed this action in state court in California alleging that Mount Vernon wrongfully withheld compensation while awaiting the outcome of the appraisal. Mount Vernon removed the action to the United States District Court for the Central District of California and moved to dismiss based on forum non conveniens. The district court ordered supplemental briefing on ripeness and Article III standing and then dismissed the action for lack of both. 50 Exchange has appealed.[2]

---

[2] 50 Exchange filed a complaint with similar allegations in a Rhode Island state court. Mount Vernon removed that action to the United States District Court for the District of Rhode Island, and that court recently dismissed according to the prior pending action doctrine. *50 Exchange Terrace LLC v. Mount Vernon Specialty Ins. Co.*, No. 1:24-CV-00285, 2025 WL 100888, at *2 (D.R.I. Jan. 15, 2025). That court's decision has no effect on the standing question immediately before us, nor did it discuss forum non conveniens. *Id.*

We affirm because 50 Exchange has not sustained an actionable injury before the extent of any disputed loss has been determined through the agreed-upon appraisal process. To have Article III standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (citation omitted). "Ripeness is one of the justiciability doctrines that we use to determine whether a case presents a live case or controversy." *Clark v. City of Seattle*, 899 F.3d 802, 808 (9th Cir. 2018). "For a case to be ripe, it must present issues that are 'definite and concrete, not hypothetical or abstract.'" *Bishop Paiute Tribe*, 863 F.3d at 1153 (citation omitted). "[R]ipeness coincides squarely with standing's injury in fact prong." *Id.* (citation omitted).

Like many property insurance policies, the insurance policy here mandates appraisal in the event the parties disagree about the amount of loss. If the parties retain appraisers and those appraisers "fail to agree" on the amount of loss, "they will submit their differences to [an] umpire." A decision agreed to by any two of the insured's appraiser, the insurer's appraiser, and the umpire is binding. Because 50 Exchange acknowledges that appraisal is required, the extent of any loss cannot be determined by a court until an appraisal is completed. For example, if the umpire were to endorse 50 Exchange's loss estimate, then 50 Exchange would not be injured. Any alleged injury before appraisal is too speculative to create an actionable claim. *See Southeast Nursing Home, Inc. v. St. Paul Fire & Marine Ins. Co.*, 750 F.2d 1531, 1538 (11th Cir. 1985) (affirming district court's ruling that insured's bad faith claim was premature because the insurance policy "did not require [insurer] to pay

anything until the appraisal process was concluded and the parties' appraisers, or one of their appraisers and the impartial umpire, decided the amount of the loss" (footnote and internal quotation marks omitted)).

The district court correctly resolved this straightforward issue of ripeness and standing, consistent with a non-precedential order of this court and decisions of other district courts.[3]  We do not break new ground here.  We have chosen to issue this decision as a precedential opinion in the hope of deterring or at least short-circuiting other similarly premature cases where the agreed insurance appraisal process has not yet been completed.

The judgment of the district court is **AFFIRMED**.  Plaintiff's motion to strike defendant's proposed surreply brief is denied as moot because this court denied defendant leave to file a surreply brief.

---

[3] *See Enger v. Allstate Ins. Co.*, 407 F. App'x 191, 193 (9th Cir. 2010) (affirming dismissal of insurance dispute because, "[u]ntil an appraisal is completed, it is impossible to know whether [plaintiff's] claim in fact was undervalued, such that her claims . . . are viable*")*; *see also*, *e.g.*, *Sigler v. Gonzalez*, No. SACV 22-02325-CJC (JDEX), 2023 WL 8885149, at *3 (C.D. Cal. July 3, 2023) (following *Enger's* reasoning and dismissing insured's claim as unripe before appraisal could determine value of loss); *Garner v. State Farm Mut. Auto. Ins. Co.*, No. C 08-1365 CW, 2008 WL 2620900, at *7 (N.D. Cal. June 30, 2008) (staying insurance action as premature before appraisal was completed to determine extent of loss); *Ceausu v. Progressive Cas. Ins. Co.*, No. CV 12-6254 PSG(VBKx), 2013 WL 12131280, at *5 (C.D. Cal. Oct. 10, 2013) ("[W]hen an insurance contract mandates the insured to invoke the appraisal process before bringing a lawsuit, the insured must do so or face dismissal.").