NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 26 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SECOND AMENDMENT
FOUNDATION; CITIZENS COMMITTEE
FOR THE RIGHT TO KEEP AND BEAR
ARMS; LIBERTY PARK
PRESS; MERRIL MAIL
MARKETING; CENTER FOR THE
DEFENSE OF FREE
ENTERPRISE; SERVICE BUREAU
ASSOCIATION; ALAN GOTTLIEB,

 Plaintiffs - Appellants,

 v.

ROBERT FERGUSON, as Washington
Attorney General; JOSHUA STUDOR, as
Washington Assistant Attorney
General; WASHINGTON OFFICE OF THE
ATTORNEY GENERAL; JOHN DOES, 1-
10,

 Defendants - Appellees.

No. 24-760

D.C. No.
2:23-cv-01554-MJP

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Marsha J. Pechman, District Judge, Presiding

Argued and Submitted May 22, 2025
Seattle, Washington

---

 [*]  This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Plaintiffs appeal the district court's order granting Defendants' motion to dismiss for lack of ripeness and the district court's denial of leave to amend.[1]  We review a dismissal on ripeness grounds de novo, *50 Exch. Terrace LLC v. Mount Vernon Specialty Ins. Co.*, 129 F.4th 1186, 1187 (9th Cir. 2025), and a denial of leave to amend for abuse of discretion, *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011).  We have jurisdiction pursuant to 28 U.S.C. § 1291.  We affirm in part, reverse in part, and remand.

1.  Constitutional ripeness overlaps with the injury-in-fact analysis for Article III standing.  *Wolfson v. Brammer*, 616 F.3d 1045, 1058 (9th Cir. 2010).  Here, Plaintiffs failed to adequately allege a cognizable injury.  Plaintiffs did not suffer a forced diversion of resources that chilled their speech because the Civil Investigative Demands (CIDs), absent a petition to enforce, did not compel Plaintiffs to expend time and money responding to them.  *See* Wash. Rev. Code § 19.86.110(8)-(9) (establishing a deadline to file a petition to extend, modify, or set aside a CID for good cause and a separate procedure for initiating enforcement proceedings); Wash. CR 37(a)(4) (providing for only a discretionary award of

---

[1] Because the parties are familiar with the facts, we do not recount them here.

2                                                                                    24-760

expenses to the prevailing party on a motion to compel).[2]  Plaintiffs' voluntary compliance with the CIDs does not constitute a cognizable injury.  *See Twitter, Inc. v. Paxton*, 56 F.4th 1170, 1175-76 (9th Cir. 2022).  Plaintiffs' allegations concerning compelled disclosure of documents and information, operational disruption, damaged reputation, and emotional harm also do not establish injury because they are vague and conjectural.  *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014).[3]

2.  Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires."  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010).  Accordingly, "it is black-letter law that a district court must give plaintiffs at least one chance to amend a deficient complaint."  *Barke v. Banks*, 25 F.4th 714, 721 (9th Cir. 2022) (per curiam) (alterations and citation omitted).  This "presumption can be overcome," however, "where there has been 'a clear showing that amendment would be futile.'"  *Id*. (citation omitted).  A district court may "exercise its discretion to deny leave to amend" on several grounds, including futility, but "a simple denial of leave to

---

[2] Defendants expressly concede that CID recipients may raise constitutional objections during an enforcement action, even if those objections were not timely raised under Wash. Rev. Code § 19.86.110(8).

[3] Because we conclude that Plaintiffs failed to establish constitutional ripeness, we need not address the district court's alternative ruling on prudential ripeness.

amend without any explanation by the district court is subject to reversal." *Nat'l Council of La Raza v. Cegavske*, 800 F.3d 1032, 1045 (9th Cir. 2015) (alterations and citations omitted).

*La Raza* and the cases upon which it relied found abuses of discretion based on the lack of adequate explanation where district courts denied leave to amend *with prejudice*, but we believe that the same rationale applies here. Plaintiffs sought leave to amend the complaint in response to Defendants' motion to dismiss. The district court dismissed Plaintiffs' claims without prejudice for lack of subject-matter jurisdiction and entered judgment the same day. The order contains no discussion of leave to amend. Under these circumstances, dismissal without prejudice ended the case because the district court allowed no opportunity to amend. *See Unified Data Servs., LLC v. FTC*, 39 F.4th 1200, 1206-07 (9th Cir. 2022).

Even if we were to conclude that it is "apparent from the record" the district court determined amendment would be futile with respect to Plaintiffs' allegations of injury concerning chilled speech, *see Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 691-92 (9th Cir. 1993), the record suggests the contrary at least as to Plaintiffs' allegations concerning damaged reputation, operational disruption, and emotional injury. For those theories of injury, the district court found that Plaintiffs' allegations were conclusory, vague, and lacking in sufficient detail. The

district court did not explain, nor is it apparent from the record, why such infirmities could not be cured by amendment. Because the district court denied leave to amend and failed to explain why it did so, we apply the reasoning of *La Raza* to hold that the denial of leave to amend here was an abuse of discretion. *See Nat'l Council of La Raza*, 800 F.3d at 1045.

3. We next consider the district court's decision to dismiss the action, rather than remand it to state court. "[I]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a case that was removed to federal court, "the case *shall* be remanded." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016) (quoting 28 U.S.C. § 1447(c)). Accordingly, if the district court ultimately determines on remand that it lacks subject matter jurisdiction, it must remand this matter to state court.[4]

**AFFIRMED in part, REVERSED in part, and REMANDED.**[5]

---

[4] The district court did not remand the action and therefore did not assess the propriety of an award of costs and expenses under § 1447(c). We therefore decline to consider this issue.

[5] The parties shall bear their own costs.